IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE:<br>    BOBBY JOE PARROTT<br>    FAITH LOUISE PARROTT<br>    2025 CLAY TOMLINSON RD<br>    ERIN, TN 37061<br>    xxx-xx-7137, xxx-xx-8045<br><br>        Plaintiffs/Debtors.<br><br>v.<br><br>BANK OF AMERICA<br>PO BOX 15222<br>WILMINGTON DE 19886<br><br>BAC Home Loan Servicing, LP<br>PO BOX 5170<br>SIMI VALLEY, CA 93062-5170<br><br>Bank of America, NA<br>Bankruptcy Department<br>Mail Stop CA6-919-01-23<br>400 National Way<br>Simi Valley, CA 93065<br><br>        Defendants. | Case No. 3:10-bk-05456<br>Chapter 13<br>Judge: KEITH M. LUNDIN<br><br><br><br><br><br><br><br><br><br>ADVERSARY CASE NO. _____ |

## ADVERSARY COMPLAINT

COME NOW the Debtors/Plaintiffs (hereinafter the "Plaintiffs"), by and through counsel, pursuant to Fed.R.Bankr.P. 7001(2) and for cause of action against Defendants BAC HOME LOAN, BAC HOME LOAN SERVICING, LP, AND BANK OF AMERICA, NA (hereinafter the "Defendants"), would state and show the following:

## JURISDICTION AND VENUE

1.	Jurisdiction over this cause is proper pursuant to 28 U.S.C. §§ 151 and 157(b).

2.	This action is a core proceeding and is a Complaint to Determine the Extent, Priority, and Validity of the Lien of Defendant.

3.	Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4.	Pursuant to 11 U.S.C. § 105(a), this Court may issue any order, process or judgment necessary or appropriate to carry out the provisions of this title.

## FACTS AND CAUSE OF ACTION

5.	Plaintiffs are individuals whose principal residence is located at 2025 Clay Tomlinson Road, Erin, TN 37061.

6.	Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 21, 2010, which commenced Bankruptcy Case Number 3:10-bk-05456, and the Chapter 13 Plan was confirmed on July 8, 2010.

7.	Plaintiffs schedule a secured obligation to Defendants for a debt which Plaintiffs believed was secured by a Deed of Trust on Plaintiffs' residential home.

8.	Pursuant to Fed.R.Bankr.P. § 3004, Plaintiffs' attorney, filed a claim on behalf of Defendants on September 27, 2010, docketed as Claim #14.

9.	The claim filed on behalf of Defendants has been disallowed upon the Order Granting the motion of the Chapter 13 Trustee pursuant to 11 U.S.C. 502(b)(1) or Fed.R.Bankr.P. 3001(c)(d). Without access to all of the documents necessary to file an adequate claim on behalf of Defendants, Plaintiffs could not bring a defense to the Trustee's motion. An Order was entered upon the Trustee's Motion to Disallow said claim on January 5, 2011 disallowing the claim filed by Plaintiffs on behalf of Defendants.

## DEFENDANTS' LIEN IS VOID PURSUANT TO 11 USC 506(d)

10. Defendants have failed to provide proof of an allowed secured claim against Plaintiffs and Defendants' lien should be declared void pursuant to 11 U.S.C. § 506(d) of the Bankruptcy Code.

11. Debtor's counsel has made extraordinary efforts to attempt to get Defendants to comply with the requirements for overcoming the Trustee's objection without success.

12. Pursuant to 11 U.S.C. § 506(d), the lien of Defendants is not an allowed secured claim and therefore such lien is void.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this honorable Court grant the following relief:

a) That the Plaintiffs be granted permission to file this Complaint, and that proper process issue and Defendants be required to file an Answer within the time allowed under applicable law;

b) That the Court will issue an Order voiding the lien of Defendants on Plaintiffs' residence located at 2025 Clay Tomlinson Road, Erin, TN 37061;

c) That this order shall remain effective regardless of whether the Plaintiffs receive a discharge in a Chapter 13 bankruptcy;

d) That if the claim of Defendants be found valid, that Defendants forgive any mortgage fees not paid by the Chapter 13 Trustee, that the mortgage be deemed current, and that Defendants' will pay all attorney fees and costs for pursuance of this action;

e) Plaintiffs reserve the right to amend this Complaint in whole or in part;

f) That Wilson Legal Services, attorney for Plaintiffs/Debtors, be allowed to submit an application for additional attorney fees in the Plaintiffs associated Chapter 13 Bankruptcy case for the prosecution of this matter as it is beneficial to the Bankruptcy Estate and creditors in the Plaintiffs' bankruptcy;

g) And for any such other relief to which Plaintiffs may be entitled.

Dated this January 5, 2012.

                                **RESPECTFULLY SUBMITTED,**

                                /s/ *Scott D. Wilson*
                                **SCOTT D. WILSON, NO. 20339**
                                Attorney for Debtor(s)
                                405 1/2 A 31st Ave. N.
                                Nashville, TN 37209
                                Phone:  (615) 297-2400
                                Fax:     (615) 810-8958
                                wilsonlgl@hotmail.com